AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Indiana

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. |
| | ) | 1:19-mj-00010 |
| JALEN DAVIS | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ 10/03/2018 _____ in the county of _____ Marion _____ in the

_____ Southern _____ District of _____ Indiana _____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of a Firearm |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Leonard P. Rothermich, Special Agent/FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____ 01/03/2019 _____

_____
*Judge's signature*

City and state: _____ Indianapolis, IN _____

Hon. Mark J. Dinsmore U.S. Magistrate Judge
*Printed name and title*

### AFFIDAVIT IN SUPPORT OF APPLICATION FOR CRIMINAL COMPLAINT AND ARREST WARRANT

I, LEONARD P. ROTHERMICH, being duly sworn according to law, depose and state as follows:

### I. INTRODUCTION

1.      I am and have been employed as a Special Agent with the Federal Bureau of Investigation ["FBI"] since November of 2014. Prior to that time, I spent 22 weeks training to be a Special Agent at the FBI Academy in Quantico, Virginia beginning on June 15, 2014. Through the FBI, I have received extensive training related to the investigation of federal crimes to include violent crime and firearms offenses. Prior to this, I spent five years on active duty in the United States Army as an officer in the Military Police Corps. I am currently assigned to the FBI Violent Crime Task Force ["VCTF"] in the Indianapolis Field Office of the FBI. In this assignment, I investigate all manner of violent crime, to include armed robberies, narcotic investigations, and firearm related offenses.

2.      This affidavit is submitted in support of an application for a Warrant for Arrest of Jalen Davis ["DAVIS"], black male, date of birth ["DOB"] XX-XX-1999, Social Security Account Number ["SSAN"] XXX-XX-1817. Based on my training and experience, and based on the facts below, there is probable cause to believe that DAVIS was a previously convicted felon in possession of multiple firearms on October 3, 2018.

3.      Your Affiant alleges that these crimes are in violation of Title 18 United States Code, Section 922(g).

a.      Title 18, United States Code, Section 922(g)(1) states: It shall be unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a term

exceeding one year, to possess any firearm or ammunition and shall be fined under this title or imprisoned not more than 10 years, or both.

4.    The statements contained in this affidavit are based in part on information provided by, and conversations held with, Special Agents and Task Force Officers ["TFOs"] of the FBI; detectives and patrol officers of the Indianapolis Metropolitan Police Department ["IMPD"]; witnesses; and on my experience and background as a Special Agent of the FBI.

5.    I have not included each and every fact that has been revealed through the course of this investigation.  I have set forth only the facts that are believed to be necessary to establish the required foundation for this issuance of the requested Warrant for Arrest.

## II. BACKGROUND OF THE INVESTIGATION

6.    On September 26, 2017, the IMPD arrested Davis following a high-speed traffic pursuit within Indianapolis, Indiana. During the pursuit, IMPD Officers witnessed Davis throw a pistol, later determined to be a loaded Glock 23 .40 caliber semiautomatic pistol, bearing serial number ZMN901MAK, from the vehicle. The firearm landed in the proximity of the Family Development Services Preschool, located at 5950 East 23rd Street, Indianapolis, Indiana. The IMPD was eventually able to apprehend Davis at the conclusion of this pursuit and charged him with Resisting Law Enforcement and Carrying a Handgun without a License. On June 28, 2018, the Marion County (Indiana) Superior Court ["MCSC"] sentenced Davis to home detention under cause number 49G18-1709-F6-037470, which was to be monitored and overseen by the

Marion County Community Corrections ["MCCC"]. Furthermore, the conviction for Resisting was a Felony, which has remained on Davis' criminal record as of the date of this Affidavit.

7.     As part of his sentence to MCCC, Davis had to read and agree under signed contract to specified conditions of his home detention sentence. Amongst the stipulations, the contract stated that Davis, as the sentenced offender, had waived his right to search and seizure and must henceforth permit the MCCC staff, or any law enforcement officer acting on MCCC's behalf, to search his person, residence, motor vehicle, or any location where his personal property may be found in order to ensure compliance with the contractual requirements of the MCCC and the MCSC. Davis reviewed and signed the contract on July 29, 2018. Davis also informed his case manager that his home of residence during this time would be 5240 Deer Creek Drive, Indianapolis, Indiana.

8.     On October 3, 2018, at approximately 2:34 pm, Davis' case manager along with other staff from MCCC and officers from the IMPD conducted an unannounced compliance check of Davis' listed address at 5240 Deer Creek Drive. Upon the group's arrival, they witnessed a young female, who had previously been standing in the driveway, run into the house as they began to approach the residence. Davis' case manager knocked on the front door multiple times while announcing he was with the MCCC. After several knocks, a male voice could be heard on the other side of the door asking who was there. The case manager again announced who he was. Davis then opened the front door with a toddler in his arms. He stated, "Ah man, I'm going to jail. I'm going to jail." IMPD Officers standing with the case manager noticed a strong scent of what they instantly believed to be burnt marijuana. This was determined through their ongoing training and experience in narcotics investigations.

9.      Upon entering the residence to initiate the compliance check, IMPD Officers conducted a protective sweep of all of the rooms within the house to account for all persons inside. This was a part of their protocol, which was established to ensure their safety and the safety of everyone in the residence during the inspection. During this sweep, they encountered a room that seemed to be the source of the burnt marijuana smell. On the dresser of this room was Davis' student ID from Pike High School dated for 2014. The officers also saw in plain view a stack of loose US currency on a glass table in the bedroom, which was sitting next to two cellular telephones and remnants of a green leafy substance that resembled marijuana residue. Also on the table was a single white oblong pill, later confirmed to be Hydrocodone, and an orange colored drink in a fast food beverage cup. At an initial glance, the liquid inside of it appeared to be orange flavored soda. The lid was still connected to the straw that was sitting within the cup. But, the drink was exposed due to the lid being unsealed and pushed to the side. Officers could see what appeared to be a powdery substance foaming at the top of this drink. Based on their training and experience, they believed someone had quickly attempted to discard an unidentified substance into the drink.

10.      Once the protective sweep was complete, IMPD maintained control of the residence while they awaited a warrant to be granted.  The purpose of the warrant was in order to authorize them to do a deeper search of the residence to locate other evidence of illegal activity. The probable cause used to request the warrant was based on those items witnessed in plain view as previously described in this Affidavit. Upon being questioned about the items seen in his room, Davis stated that his bedroom was actually the one "to the left" of the bedroom where the alleged drugs were located.

4

11.     At approximately 5:05 pm, the MCSC granted the warrant to search the entirety of 5240 Deer Creek Drive, Indianapolis, Indiana based on the IMPD officers' initial findings. The warrant authorized the search of the property in order to locate and seize marijuana, Hydrocodone, cellular telephones, US currency, and any other items, to include paperwork, relating to the possession and distribution of illegal narcotics. The personnel present from the MCCC and the IMPD then initiated the execution of the search warrant.

12.     In the course of the search, they collectively located the following items:

a.   In the room believed to belong to Davis:

    i.   Davis' Pike school ID located on the glass table.

    ii.   A box of sandwich bags located on a nightstand next to an empty prescription bottle.

    iii.   A card from the MCSC with Davis' name on it located on the floor.

    iv.   Several ID cards with Davis' name on it located in the closet.

    v.   A bag in the closet containing a Gerber pouch with two loaded gun magazines inside of it. The caliber bullets were .45. Material matching insulation found in the house's attic was stuck to the velcro of the Gerber pouch. The bag also contained two other handgun magazines and two rifle magazines as well as a black and blue colored AT&T flip phone.

    vi.   A pipe believed to be used for ingesting narcotics located under the table.

    vii.   A plastic shopping bag containing 15 live .45 caliber rounds found in the closet.

    viii.   $110 in loose US currency found on the glass table.

5

ix. $4,700 in loose US currency found inside of a bag within a shoebox in the closet.

x. A blue notebook found under the cushion of the futon. The notebook had "Lil Shink Mob" written on the cover.

xi. A gray colored iPhone and a white colored iPhone were found on the glass table.

xii. A red colored iPhone was found on the floor under the glass table.

xiii. A black colored Samsung Galaxy Note 4 was found inside of a blue colored storage bin on the floor of the bedroom.

b. In the bedroom claimed by Davis:

i. A prescription bottle for Amphetamine Salts made out to Davis inside of a suitcase with a female's name written on its tag.

c. In a third bedroom that appeared to belong to an adolescent female based on its decorating:

i. Access to the attic was located in closet of this bedroom, which was gained through the removal of a panel in the ceiling. The attic floor was covered in a distinct white colored insulation, as seen on the velcro of the Gerber pouch.

1. Officers located a loaded Glock 17 .9mm caliber semiautomatic pistol, bearing serial number 8594LAV, with a laser sight attachment within the attic.

2. Officers also located a black Nike brand gym bag containing prescription pill bottles with two different females' names on them.

Both females were later identified to be victims of vehicle thefts that

transpired in Indianapolis, Indiana in 2014. One of the IMPD reports

listed Davis as a suspect, though he was never charged.

3. Officers lastly located a Smith & Wesson M&P 15 rifle, bearing serial

number SV56668, loaded with 27 rounds underneath the insulation

within the attic. The rifle was wrapped in a teal colored zip-up jacket.

d. In a fourth bedroom believed to belong to an adult female:

  i. A pill grinder sitting on the couch.

  ii. Mail belonging to Davis.

e. In the garage:

  i. Officers located a maroon colored Chevrolet Camaro containing the Vehicle

  Identification Number 1G1FP2386LL129178. Inside of the Camaro, the

  following items were located:

    1. A blue and white colored Colts gym bag sitting in the rear driver's side

    seat. The bag contained a large amount of what appeared to be various

    prescription narcotics as well as Suboxone strips. Visual inspection of

    the pills determined them to be Oxycodone, Morphine, and many

    others.

    2. Also inside of the Colts bag was a loaded Spike Tactical ST15 .223

    caliber rifle, bearing serial number 046487, and a loaded Glock 23 .40

    caliber semiautomatic pistol, bearing serial number UTH179. Officers

7

also found a rifle magazine containing 45 rounds of .223 caliber bullets within the bag.

3. Lastly, the bag contained printed photographs of Davis with other males of similar age. A picture printed from Facebook was also in the bag showing Davis pointing the Glock 17 with an attached laser sight found in the attic along with three other printed out screen shots from Davis' Facebook account under the vanity named "Jalen Davis". It also contained paperwork from the MCCC addressed to and signed by Davis.

f. On Davis' person upon initiation of the compliance inspection:

i. A black colored iPhone in a black and blue colored case

13. Following the completion of the search, the IMPD arrested Davis for the illegal possession of narcotics and firearms. All items of evidence were then transported to the IMPD Property Room for holding and further testing. On October 11, 2018, the Indianapolis-Marion County Forensic Services Agency ["the lab"] provided a detailed report listing the confirmed substances seized during the search on October 3, 2018. In total, the lab's findings determined the following amount of prescription narcotics taken from the residence:

a. 255 units (single pills) of Oxycodone

b. 6 units of Oxymorphone

c. 470 units of Lisdexamphetamine

d. 10 units of Buprenorphine

e. 9 units of Hydrocodone

8

f.   223 units of Methylphenidate

g.   193 units of Morphine

14.     Based on the results of the search of 5240 Deer Creek Drive, Indianapolis, Indiana on October 3, 2018, your Affiant believes that Davis was the sole owner of the multiple firearms, prescription pills, cash, and cellular telephones found within the residence. This is because the firearms and narcotics were all either located from the bedroom believed to be owned and utilized by Davis or were found amongst other items knowingly associated with Davis, such as legal paper work and social media content. Furthermore, law enforcement recovered all of the firearms in locations within the house that were consistent with their training and experience of those who purposefully attempt to hide their ownership of them. To your Affiant's knowledge, Davis has no means of employment that would justify him having over $4,000 in loose US currency stored in various places within his bedroom. Furthermore, your Affiant is unaware of Davis being currently prescribed any of the narcotics hidden within his residence.

15.     In total, law enforcement seized 1,166 individual prescription narcotic pills that were predominantly maintained within bags in various locations throughout the residence. Based on the amount of pills and methods in which they were hidden, your Affiant strongly believes that Davis was actively participating in the illegal distribution of those drugs. This belief is only reinforced by the amount of cellular telephones found in Davis' possession, the substantial amount of recovered loose US currency recovered from his room, and the loaded firearms that were hidden throughout the house. All of these additional pieces of evidence found during the search only solidify the likelihood that Davis was dealing the pills. Due to the high risk and

9

illegal nature of dealing drugs, to include prescription narcotics, your Affiant knows that those participating in this type of activity typically carry firearms and maintain them in the vicinity of their operations. This is in order to protect their product from being stolen as well as for their own security in the process. On June 28, 2018, Davis plead guilty in the MCSC to Resisting Law Enforcement, which was a felony level conviction. Therefore, his possession of these recovered firearms have made him a previously convicted felon in possession of firearms on October 3, 2018.

16.     Your Affiant knows that Glock, Smith & Wesson, and Spike Tactical brand firearms are manufactured outside of the state of Indiana.  Your Affiant knows that all of the recovered firearms thereby traveled through interstate commerce to be at 5240 Deer Creek Drive, Indianapolis, Indiana on October 3, 2018.

17.     All of these events transpired within the Southern District of Indiana.

### III. CONCLUSION

18.     Based on the information detailed above, I believe there is probable cause that DAVIS violated of Title 18 United States Code, Section 922(g)(1) in that he was a previously convicted felon in possession of multiple firearms on October 3, 2018. Accordingly, I respectfully request the Court to issue a criminal complaint and arrest warrant charging DAVIS with this offense.

FURTHER YOUR AFFIANT SAITH NOT

Leonard P. Rothermich
Special Agent
Federal Bureau of Investigation

Subscribed and sworn before me the 3rd day of January, 2019.

Hon. Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

11